## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION<br>NO. 19-431-3 |
| CURSHAWN BANKS | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION<br>NO. 18-579-1 |
| CURSHAWN BANKS, | |

**Pappert, J.**                                                          **March 4, 2024**

### MEMORANDUM

In 2022, the Court sentenced Curshawn Banks in these two cases for wire fraud conspiracy, conspiracy to distribute 500 grams or more of methamphetamine and attempted possession with intent to distribute methamphetamine.  (Judgment 1, 18-579-1: ECF No. 502; Judgment 3, 19-431-3: ECF No. 121.)  He now seeks a reduction in his sentence under Amendment 821, a recent amendment to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).  (Mot. for Sentence Reduction, 18-579-1: ECF No. 533; 19-431-3: ECF No. 141.)  He also seeks appointment of counsel.  (*Id.*)

I

Section 3582(c)(2) allows courts to reduce a defendant's sentence if that defendant has been sentenced based on a sentencing range "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(2).  Courts may only do so, however, after considering any applicable factors set forth in 18 U.S.C. § 3553(a), and any reduction must also be "consistent with applicable

1

policy statements issued by the Sentencing Commission." *Id.* To evaluate Section

3582(c)(2) motions, the Court: (1) determines the defendant's eligibility for a reduced

sentence and calculates their amended Guidelines range if they are eligible; and (2)

considers any applicable 3553(a) factors and determines, in its discretion, whether the

reduction is warranted "in whole or in part under the particular circumstances of the

case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

At step one, courts must follow the Sentencing Commission's instructions in

Section 1B1.10 of the Guidelines. *Id.* at 827. If a retroactive amendment to the

Guidelines "does not have the effect of lowering the defendant's applicable guideline

range," a reduction in the defendant's sentence is inconsistent with the Commission's

policy statements and therefore not authorized by Section 3582(c)(2). U.S.S.G. §

1B1.10(a)(2)(B). "[A]pplicable guideline range" means "the guideline range that

corresponds to the offense level and criminal history category determined pursuant to

[U.S.S.G.] § 1B1.1(a), which is determined before consideration of any departure

provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 cmt. n.1(A).

## II

### A

Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(a)(1), (d). Part A of

Amendment 821 altered U.S.S.G. § 4A1.1 and changes the way criminal history status

points are calculated. It instructs courts to add one point if the defendant: (1) receives

seven or more points under subsections (a) through (d); and (2) "committed the instant

offense while under any criminal justice sentence, including probation, parole,

supervised release, imprisonment, work release[] or escape status." U.S.S.G. §

4A1.1(e).  Under Part A of Amendment 821, defendants with seven or more criminal history status points now receive one status point instead of two if they committed the instant offense while under a criminal justice sentence.  *United States v. Bailey*, No. 19-142, 2024 WL 453619, 2024 U.S. Dist. LEXIS 20256, at *4-5 (E.D. Pa. Feb. 5, 2024).

B

Banks is not entitled to a reduced sentence under Part A of Amendment 821 because applying Part A to his sentence does not change his applicable guideline range.  *See* U.S.S.G. § 1B1.10(a)(2)(B); 18 U.S.C. § 3582(c)(2).  Since he committed the instant offense while under a criminal justice sentence, his criminal history score was increased by two points, to 12, establishing a criminal history category of V.  Am. PSR ¶¶ 92-94.  Because he was a career offender, however, his criminal history category was increased to VI.  *Id.* ¶ 95; USSG § 4B1.1(b).  His total offense level of 35 and criminal history category of VI resulted in a guideline range of 292 to 365 months.  Am. PSR ¶¶ 84, 92-95, 132.

If Amendment 821 had been in place when Banks was sentenced, his criminal history category would still have been VI.  While he is correct that under Amendment 821, he would have received only one, rather than two, status points for committing the offense while under a criminal justice sentence, *See* U.S.S.G. 4A1.1(e), "[c]areer offenders are automatically given a criminal history category of VI, regardless of the number of criminal history points."  *United States v. Sims*, No. 1:22-150, 2024 U.S. Dist. LEXIS 28412, at *1-3 (S.D. Ind. Feb. 20, 2024); U.S.S.G. § 4B1.1(b).  Even under Amendment 821, Banks would therefore still have had a total offense level of 35 and a criminal history category of VI, resulting in a guideline range of 292 to 365 months.  *See*

U.S.S.G., Ch. 5, Pt. A (Sentencing Table). Retroactive application of Part A of Amendment 821 would accordingly not have the effect of lowering his applicable guideline range and is therefore inconsistent with the Commission's policy statements and unauthorized by Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B); *Sims*, 2024 U.S. Dist. LEXIS 28412, at *1-3 (denying a career offender's Section 3582(c)(2) motion because "a reduction in criminal history points under the new § 4A1.1 does not change [his] criminal history category, which remains VI"); *United States v. Reese*, No. 16-20697, 2024 WL 497057, 2024 U.S. Dist. LEXIS 22386, at *1-3 (E.D. Mich. Feb. 8, 2024) (explaining that Part A did not reduce a defendant's guideline range because "even if he received a one-point reduction under § 4A1.1(e), this would not serve to reduce his criminal history category, which was calculated at VI because he is a career offender").

### III

### A

Part B of Amendment 821 appears in U.S.S.G. § 4C1.1 and allows courts to decrease a defendant's total offense level by two levels if they qualified as a "zero-point" offender when they were sentenced. U.S.S.G. § 4C1.1; *United States v. Perez*, No. 20-69, 2024 WL 246026, 2024 U.S. Dist. LEXIS 11426, at *1 (E.D. Pa. Jan. 22, 2024); *United States v. Bauer*, No. 1:21-386-2, 2024 WL 324234, 2024 U.S. Dist. LEXIS 14897, at *1 (D.D.C. Jan. 29, 2024).

### B

Banks does not qualify for a reduction under Part B either. To do so, defendants must satisfy all ten criteria listed in Section 4C1.1(a), the first of which requires them not to have received "any criminal history points from Chapter Four, Part A [(U.S.S.G.

§ 4A1.1)] of the Guidelines." U.S.S.G. § 4C1.1(a)(1).  Even if he had not been placed in category VI as a career offender, and even if he had received only one status point for committing the offense under a criminal justice sentence, rather than two, he would still have had a criminal history score of 11.  *See* Am. PSR ¶¶ 92-94.  Consequently, he is not a "zero-point" offender.  *See Perez*, 2024 U.S. Dist. LEXIS 11426, at *4; *United States v. Membache*, No. 18-20440, 2024 WL 147848, 2024 U.S. Dist. LEXIS 6674, at *5-6 (S.D. Fla. Jan. 11, 2024) (a defendant who "has a criminal history category of III based on a prior drug trafficking conviction . . . plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level"); *United States v. Chavez*, No. 22-528-1, 2023 U.S. Dist. LEXIS 204877, at *1-2 (S.D. Cal. Nov. 15, 2023); *United States v. Broaddus*, No. 1:20-97, 2024 U.S. Dist. LEXIS 16762, at *1-2 (S.D. Ind. Jan. 29, 2024); *United States v. LeClaire*, N. 4:20-40042, 2024 WL 417140, 2024 U.S. Dist. LEXIS 22605, at *5-6 (D.S.D. Feb. 5, 2024).

## IV

Since Banks is not eligible for relief under Amendment 821, there is no need to appoint him counsel.  *See United States v. Cegledi*, 776 F. App'x 56, 58 (3d Cir. 2019); *United States v. Curry*, 488 F. App'x 616, 617 n.4 (3d Cir. 2012).

BY THE COURT:

**/s/ Gerald J. Pappert**
GERALD J. PAPPERT, J.